IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MAFF-STACK, LLC, | ) |
|     Plaintiff/Counter-Defendant, | ) |
| v. | ) NO. 2:08-00089 |
| | ) JUDGE HAYNES |
| VYSS, LLC, and CHRISTIAN F. ROSENBERG, | ) |
|     Defendants/Counter-Plaintiffs, | ) |
| v. | ) |
| WILLIAM C. MAFFETT and BRIAN D. MAFFETT, | ) |
|     Counter-Defendants. | ) |

## ORDER

Plaintiff, Maff-Stack, LLC, filed this diversity action under 28 U.S.C. § 1332 against Defendants VYSS, LLC and Christian F. Rosenberg. In essence, Plaintiff alleges claims for breach of contract, intentional misrepresentation, breach of implied covenant of good faith and fair dealing, and breach of fiduciary duty arising out of the licensing of a marina boat storage system.

Before the Court is Plaintiff's motion to dismiss for lack of subject matter jurisdiction (Docket Entry No. 18). Although the Plaintiff notes that the Defendants have not disputed subject-matter jurisdiction, Plaintiff states that since the filing of this action it has discovered that there is not complete diversity of citizenship between the parties. Neither the original Defendants nor the Counter-Defendants have responded to the motion to dismiss.

In every case, "the first and fundamental question is that of jurisdiction." Steel Co. v.

Citizens for a Better Env't, 523 U.S. 83, 94 (1998). As a general rule, "a limited liability company is not treated as a corporation and has the citizenship of its members." Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731, 732 (6th Cir. 2002) (citing Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998)); Trident-Allied Assoc., LLC. v. Cypress Creek Assoc., LLC, 317 F.Supp.2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members.").

Plaintiff is an LLC with four members, two of whom are citizens of Tennessee, one a citizen of the U.S. Virgin Islands and one a citizen of Nevada. For the purpose of diversity jurisdiction, Plaintiff is deemed a citizen of Tennessee, Nevada, and the Virgin Islands. Defendant is a Florida LLC with members who are citizens of Tennessee and the U.S. Virgin Islands. Defendant, therefore, is deemed a citizen of Florida, Tennessee and the U.S. Virgin Islands. Because the Plaintiff and the Defendant are citizens of Tennessee and the U.S. Virgin Islands, their citizenship is not diverse. Therefore, the Court lacks subject matter jurisdiction. Thus, this action should be dismissed without prejudice.

In accordance with the reasons stated above, the Plaintiff's motion to dismiss (Docket Entry No. 18) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED** without prejudice.

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the 16th day of June, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge